NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN AKINS; et al., | No. 23-3550 |
| Plaintiffs - Appellees, | D.C. No. 3:18-md-02843-VC |
| SARAH FELDMAN and JILL MAHANEY, | MEMORANDUM* |
| Objectors - Appellants, | |
| v. | |
| FACEBOOK, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 7, 2025
San Francisco, California

Before: FORREST and SANCHEZ, Circuit Judges, and EZRA, District Judge.**

Sarah Feldman and Jill Mahaney ("Objectors") appeal the district court's

order approving a $725 million settlement between Facebook, Inc. (n/k/a Meta

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Platforms, Inc.) and a settlement class in a case originating from the Cambridge Analytica scandal. Objectors also appeal the district court's order approving attorneys' fees constituting 25% of the settlement fund. We review the district court's order approving a settlement, allocation plan, and award of attorneys' fees for abuse of discretion. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012); *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 968 (9th Cir. 2007); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

      1.      Our review of the district court's determination that a settlement is "fair, reasonable, and adequate," *see* Fed. R. Civ. P. 23(e)(2), is "extremely limited." *Lane*, 696 F.3d at 818-19 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026–27 (9th Cir. 1998)). We will set aside a fairness determination "only upon a 'strong showing that the district court's decision was a clear abuse of discretion.'" *Id.* (quoting *Hanlon*, 150 F.3d at 1026–27). Here, the district court conducted a comprehensive review of the settlement's terms before approving it. The district court properly evaluated the settlement for the "higher standard of fairness" required of pre-class certification settlements. *See id.* at 819. The court thoroughly reviewed the settlement to ensure compliance with the requirements of both Rule 23(e) and the non-exhaustive *Hanlon* factors. *See* 150 F.3d at 1026. In doing so, the district court compared the settlement's benefits to the class against

the strengths and weaknesses, potential and likely recovery, and possible litigation risks on a claim-by-claim basis. *See id.*; Fed. R. Civ. P. 23(e)(2). Finally, the district court considered all the objections to settlement and overruled them with a "reasoned explanation." *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (citation omitted). Accordingly, the district court's fairness determination readily withstands our highly deferential review. *See Hanlon*, 150 F.3d at 1026.

Objectors' arguments against settlement approval do not establish a clear abuse of discretion. Objectors' contention that the district court was required to conduct its fairness review using a "probabilistic approach" similar to one favored in the Seventh Circuit, *see Reynolds v. Beneficial National Bank*, 288 F.3d 277, 284-85 (7th Cir. 2002), is not well taken, as we have previously rejected this approach as contrary to the weight we afford the "product of an arms-length, non-collusive, negotiated resolution." *See Rodriguez v. West Pub. Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *Lane*, 696 F.3d at 823. Objectors do not contest the district court's factual finding that the settlement was the product of such a resolution.

Likewise, to the extent Objectors assert that our decision in *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022), prevents a district court from considering due process limitations to any recovery until the court has calculated the maximum potential statutory damages and then adjusted for any litigation risk,

this argument mischaracterizes that decision. *Wakefield* holds that "aggregated statutory damages awards are, in certain extreme circumstances, subject to constitutional due process limitations," but it does not require the district court to assess potential recovery against the settlement amount in such a formulaic fashion. *Id.* at 1121.

      2.      The district court did not abuse its discretion in approving the settlement's allocation plan, which awards "allocation points" to class members based on the number of months they had an activated Facebook account within the class period and divides the settlement pro rata based on those points. The district court was well within its discretion in finding this plan reasonable and equitable among class members after it determined that the record supported a correlation between the length of time users were on Facebook and the potential degree to which third parties could access their information. *See* Fed. R. Civ. P. 23(e)(2)(D).

      Objectors' argument that they are treated inequitably by this plan relative to other class members because they are not subject to Facebook's consent defense does not establish an abuse of discretion. Whether Objectors have a greater likelihood of success based on the applicability of a consent defense is neither a bar to the district court's approval of the allocation plan nor a showing of an abuse of discretion, particularly where the district court's initial discussion of Facebook's consent defense was based on the limited Rule 12(b)(6) record.

3. The district court's approval of an attorney fee award comprising 25% of the settlement fund to class counsel, though large, was not an abuse of discretion. We require that fee awards be "reasonable," *Rodriguez*, 563 F.3d at 967 (citation omitted), and "supported by findings that take into account all of the circumstances of the case." *In re Optical Disk Drive Prod. Antitrust Litig.*, 959 F.3d 922, 929 (9th Cir 2020) (citation omitted). Here, the district court used a percentage-of-recovery method for calculating attorneys' fees and found the fees to be reasonable after conducting a thorough review of the record.

As an initial matter, the district court appropriately treated the requested 25% fee award with heightened skepticism because of the size of the settlement. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1044, 104-48 (9th Cir. 2002). The district court reviewed the fee award against the *Vizcaino* factors, which include whether class counsel achieved exceptional results for the class; the risks and burdens they experienced while litigating the case; their generation of benefits to the class beyond the cash settlement; the market rate for the field of law; and if they handled the case on a contingency basis. *See Optical Disk*, 959 F.3d at 930 (quoting *Vizcaino*, 290 F.3d at 1048-50). Next, the district court performed a lodestar method cross-check to confirm that the 25% rate was reasonable under the circumstances. *See Online DVD*, 779 F.3d at 949 (stating that a court may demonstrate that its chosen method is reasonable by "conducting a cross-check

using the [lodestar] method."). The lodestar cross-check yielded a 1.99 multiplier, which the district court found was below average in comparably sized settlements. It also found class counsel's claimed hours and rates reasonable considering the length and contentiousness of the litigation. We find no abuse of discretion in the district court's analysis of a reasonable fee award.

The district court also properly rejected, as we do here, Objectors' argument that the fee award must be set substantially below 25% because of the settlement fund's size. We have not required fee percentages to fall in relation to the size of a class settlement. *See Vizcaino*, 290 F.3d at 1048; *Optical Disk*, 959 F.3d at 933. More importantly, our review on appeal is limited to whether the district court granted a reasonable fee award after considering all the circumstances of the case, not whether it should have applied a different percentage. *See Vizcaino*, 290 F.3d at 1048. After considering these factors and overruling all objections, the district court was within its discretion in finding both that the 25% fee award was reasonable and that it was properly within the range of class action settlement awards of comparable size and complexity. *See Vizcaino*, 290 F.3d at 1048.

**AFFIRMED.**